IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

FILED

MAR 1 7 2005

US DISTRICT COURT CLERK
BY _____ DEP. CLK

| | |
|---|---|
| LESLIE GEISE, GEORGE C. GRANGER, JR., and CHRISTOPHER R. WARD, on behalf of themselves and all other similarly situated and consenting persons, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BRUNSWICK COUNTY, NORTH CAROLINA, | ) ) |
| Defendants. | ) ) ) |

AMENDED
COMPLAINT

CIVIL ACTION NO.:

7:05-CV-42-F(3)

I.   PRELIMINARY STATEMENT

1.   This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., for unpaid overtime wages based upon the defendant's failure to pay the named plaintiffs and those similarly situated persons who file written consents pursuant to 29 U.S.C. §216(b) for certain overtime work that the named plaintiffs and those similarly situated, consenting persons performed for the defendant as emergency medical technicians.

II.   JURISDICTION

2.   Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, and 29 U.S.C. § 216(b).

3.   This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

III.   VENUE

4.   Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b) and

1

1391(c), and 29 U.S.C. §216(b). At the time this action was filed, defendant Brunswick County, North Carolina was and is county incorporated under N.C.Gen.Stat. §§153A-1 et seq. that was and is located in Brunswick County, North Carolina, and that same defendant's sole place of business was and is in Brunswick County, North Carolina. The named defendant employed the named plaintiff and each plaintiff as an emergency medical technician ("EMT") in the defendant's EMS Division.

IV.    PLAINTIFF

5.    At all times relevant to this action, plaintiffs Leslie Geise, George C. Granger, Jr., and Christopher R. Ward are and have been residents of New Hanover, Brunswick County, and Columbus County, North Carolina, respectively. Since at least 1999 through the present date, plaintiffs Geise, Granger, and Ward were and continue to be employed within the meaning of 29 U.S.C. §§203(d) and 203(g) on a full time basis by defendant Brunswick County, North Carolina as EMT's.

6.    At all times relevant to this action, the defendant Brunswick County, North Carolina employed the plaintiffs in an "activity of a public agency" of Brunswick County's enterprise within the meaning of 29 U.S.C. §§203(r) and 203(s)(1)(C) – to wit, as EMT's in the EMS Division of a department of Brunswick County, North Carolina.

V.    DEFENDANT

7.    At all times relevant to this action, defendant Brunswick County, North Carolina ("Brunswick County") was and is a county corporation organized under N.C.Gen.Stat. §§153A-1 et seq. for the purposes, *inter alia*, specified in G.S. §§153A-11 through 153A-15, and 153A-121 through 153-317.

2

VI.    FLSA STATUTORY COLLECTIVE ACTION ALLEGATIONS

8.    The named plaintiffs maintains this FLSA action as a collective under 29 U.S.C. §216(b) against defendant Brunswick County, North Carolina for each similarly situated employee of one or more of that same defendant in the three (3) year time period immediately preceding the date on which this action was filed and continuing thereafter until the date final judgment is entered in this action where such person(s) has filed a Consent to Sue pursuant to 29 U.S.C. §216(b) within three (3) years of the last date on which that person was employed by the defendant Brunswick County, North Carolina.

9.    This FLSA action is on behalf of the FLSA plaintiff class defined in ¶8 above for each pay period in the time period described in ¶8 above when the named plaintiffs and the group of similarly situated workers they seek to represent performed or shall perform hours worked as emergency medical technicians ("EMT's") in excess of either and/or both 40 and 43 hours of work in the same workweek when they were and/or will be employed as EMT's by the defendant.

10.    Defendant Brunswick County, North Carolina employed and shall employ the named plaintiffs and an unspecified number of other EMT's to perform work as EMT's for defendant Brunswick County, North Carolina in the time period described in ¶8 above in North Carolina.

11.    Pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b), for each similarly situated employee of defendant Brunswick County, North Carolina, the named plaintiffs file this collective action for each similarly situated person who files, will file, or who has already filed a written consent to be a party to this collective action pursuant to 29 U.S.C.

3

§216(b) within the applicable statute of limitation(s) ("FLSA plaintiff class") at any time in the time period from the date this action is filed until final judgment is entered by the Court.

12.     This collective action by similarly situated persons under 29 U.S.C. §216(b) is based upon the failure of defendant Brunswick County, North Carolina to compensate the named plaintiffs and the FLSA plaintiff class defined in ¶¶8-9 above for hours worked in the time period described in ¶8 above when the named plaintiffs and the group of similarly situated workers they seek to represent performed or shall perform hours worked as EMT's in excess of either and/or both 40 and 43 hours of work in the same workweek when they were and/or will be employed as EMT's by the defendant.

13.     As a result of the failure to compensate the plaintiffs and the FLSA plaintiff class defined in ¶¶8-9 above in the manner described in ¶12 above, the wages that the named plaintiffs and the FLSA plaintiff class received free and clear from the Brunswick County defendant were less than the overtime rate required by 29 U.S.C. §207 on a weekly basis for each hour or part of an hour of work that each such similarly situated person was, is, or will be engaged to perform.

VII.    FACTUAL ALLEGATIONS

14.     The plaintiffs and the class of persons defined in ¶¶8-9 above of the Complaint were and/or continue to be employed as EMT's by the defendant Brunswick County in and around Brunswick County, North Carolina for the entire time period alleged in ¶¶5-6 and 8 above of this complaint.

15.     During the entire time period described in ¶14 above of this complaint, Brunswick County paid the plaintiffs and the class of persons defined in ¶¶8-9 above on a bi-weekly basis.

16.     During the entire time period described in ¶¶8 and 14 above of this complaint, the

4

plaintiffs and the members of the class defined in ¶¶8-9 above performed fulltime work as EMT's in excess of both 40 and 43 hours per week on a regular basis.

17.    During the entire time period described in ¶8 of this complaint, defendant Brunswick County did not pay and continue to not pay the plaintiffs and the class of persons defined in ¶¶8-9 above at the overtime rate described in 29 U.S.C. §207(a)(1) for those hours of work that are described in ¶16 above.

18.    During the entire time period relevant to this lawsuit, the plaintiffs and the members of the class of persons defined in ¶¶8-9 above were and are not trained in fire suppression, did not and do not have the legal authority and responsibility to engage in fire suppression, and were and are not engaged in the prevention, control, and extinguishment of fires.

19.    Upon information and belief, for the entire time period described in ¶¶5-6 and 8 above, the defendant Brunswick County did not keep or maintain and continues to not keep or maintain accurate and complete payroll records with the content and to the extent and duration required by 29 U.S.C. §211(c) and the regulations that the U.S. Department of Labor has promulgated under the FLSA.

VIII.    FIRST CLAIM FOR RELIEF (FLSA)

20.    Paragraphs 1 through  19 above are realleged and incorporated herein by reference by the plaintiff against defendant Brunswick County, North Carolina.

21.    Defendant Brunswick County did not and will not pay all wages at the rate and in the amount required by 29 U.S.C. § 207(a)(1) for each hour or part of an hour described in ¶16 above that the plaintiffs and the members of the class defined in ¶¶8-9 worked as EMT's for the defendant in the three year time period immediately preceding the date this action was filed and

ending with the date that final judgment is entered in this action.

22.     As a result of these willful actions of the defendant Brunswick County in reckless disregard of the rights of the plaintiff under 29 U.S.C. §207(a)(1), the plaintiffs and the members of the class defined in ¶¶8-9 above of this Complaint have suffered damages in the form of unpaid wages and liquidated damages that they may recover under 29 U.S.C. §216(b).

IX.     CLAIM FOR DECLARATORY RELIEF

23.     Paragraphs 1 through 22 above are realleged and incorporated herein by reference against defendant Brunswick County by the plaintiff.

24.     The parties to this action are in dispute as to their respective rights, privileges and/or obligations under the Fair Labor Standards Act and require the declaratory relief as to what those respective rights, privileges, and/or obligations are.

WHEREFORE Plaintiff respectfully requests that the Court:

(a)     Grant a jury trial on all issues so triable;

(b)     Declare that the defendant Brunswick County, North Carolina has violated its obligations under: (i) the Fair Labor Standards Act, 29 U.S.C. §207(a)(1) to pay the plaintiffs and the class of persons defined in ¶¶8-9 above of the Complaint at the overtime wage rate required by 29 U.S.C. §207(a)(1) for each hour or part of an hour in any work week in which the plaintiffs and the members of the class defined in ¶¶8-9 above actually performed the work that is described in ¶16 above of the Complaint;

(c)     Enter judgment against Brunswick County, North Carolina, and in favor of the plaintiffs and each member of the class of persons defined in ¶¶8-9 above for compensatory damages against that defendant under the First Claim for Relief in an amount equal to the total of

the unpaid wages due the plaintiffs and each member of that same class under 29 U.S.C. §207(a) and 216(b) for any work week in which the plaintiffs and any member of the class of persons defined in ¶¶8-9 above performed the work described in ¶16 of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. §216(b);

(d)     Award the plaintiff the costs of this action against the defendant Brunswick County, North Carolina;

(e)     Award the plaintiff reasonable attorney fees under 29 U.S.C. §216(b) against the defendant Brunswick, North Carolina;

(f)     Award such other relief as may be just and proper in this action.

This the 16th day of March, 2005.

LAW OFFICES OF ROBERT J. WILLIS

BY: _Robert J. Willis_

Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1269
Raleigh, NC  27602
(919) 821-9031

5. W. Hargett Street
Suite 404
Raleigh, NC  27601
Counsel for Plaintiff

7